NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 3 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DESENIA MENDOZA DIMAS, et al., | No. 24-5554 |
| Petitioners, | Agency Nos. A246-088-574 |
| v. | A246-088-575 A246-088-576 |
| PAMELA BONDI, Attorney General, | |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 27, 2026**
Richland, Washington

Before: SUNG, MENDOZA, and DESAI, Circuit Judges.

Desenia Mendoza Dimas and her two children, natives and citizens of

Mexico, petition for review of a decision by the Board of Immigration Appeals

("BIA") dismissing their appeal from an Immigration Judge's ("IJ's") denial of

their applications for asylum and relief under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), and we deny the petition.

"Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020). "We review factual findings for substantial evidence and legal questions de novo." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022).

1. While the standard of review for assessing whether harm rose to the level of persecution is unclear, *Lapadat v. Bondi*, 145 F.4th 942, 951-52 (9th Cir. 2025), even under the more favorable de novo review standard, we conclude the harm Mendoza Dimas suffered did not rise to the level of past persecution. "Credible death threats alone can constitute persecution, [but] they constitute persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (quotation marks and citations omitted). "Unfulfilled threats are very rarely sufficient to rise to the level of persecution." *Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021).

Mendoza Dimas was threatened three times. First, individuals pointed firearms at her and her children, told her to give them information about her ex-husband or leave town, and said they'd make her disappear if she didn't comply.

2                                                        24-5554

Second, she alleges the same individuals followed her in a truck and told her they had her "very well-monitored." Third, individuals in the same truck said her "hours were few." While concerning, we agree with the agency that these unfulfilled threats were not so specific, menacing, and credible that they rise to the level of persecution. *Compare Duran-Rodriguez*, 918 F.3d at 1028 (two unfulfilled threats, unaccompanied by physical violence, did not compel a finding of past persecution), *and Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) (multiple death threats over the course of weeks, without more, did not compel a finding of past persecution), *with Corpeno-Romero v. Garland*, 120 F.4th 570, 578-79 (9th Cir. 2024) (threats made by gang members who previously killed petitioner's father and repeatedly stalked petitioner for reporting the murder, including by breaking into the family's home, were sufficiently "specific, menacing, and credible" to compel a finding of past persecution).

2.      Substantial evidence supports the BIA's conclusion that Mendoza Dimas did not establish a well-founded fear of future persecution. Because Mendoza Dimas did not establish past persecution, she bore the burden of establishing that "it would not be reasonable for . . . her to relocate" to avoid future persecution. 8 C.F.R. § 1208.13(b)(3)(i). The BIA reasonably concluded that Mendoza Dimas did not meet that burden because she offered only "speculative assertion[s] that members of the Jalisco Cartel remain interested in harming her

and would track her throughout Mexico." These "statements, on their own, are insufficient to meet [her] burden of proof" that relocation would be unreasonable. *See Gonzalez-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011). Additionally, country conditions evidence indicates that the cartel she fears, the Jalisco Cartel, does not operate country-wide, and the Mexican government has taken steps to combat the cartel. Mendoza Dimas's subjective belief that the cartel would track her throughout Mexico does not compel a contrary conclusion.

3.      Substantial evidence also supports the BIA's determination that Mendoza Dimas failed to establish she would more likely than not be tortured with government "consent or acquiescence" if removed, as required for CAT relief. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). To show acquiescence, government officials must "be aware of the alleged torture but either willfully blind to it . . . or unwilling[] to oppose it." *Kaur v. Garland*, 2 F.4th 823, 837 (9th Cir. 2021) (internal quotation marks omitted). There is no evidence that any government official was involved in or aware of the threats against Mendoza Dimas. Generalized evidence of government corruption is insufficient to show future government acquiescence. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706-07 (9th Cir. 2022). Accordingly, the record does not compel the conclusion that Mendoza Dimas is eligible for CAT relief.

**PETITION DENIED.**[1]

---

[1] The stay of removal will dissolve upon the issuance of the mandate.